

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA:EAG/AL                                                                 *271 Cadman Plaza East*
F.#2010R00153                                                             *Brooklyn, New York  11201*

December 15, 2011

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Louis Venturelli
             Criminal Docket No. 11-30 (KAM)

Dear Judge Matsumoto:

     The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for January 19, 2012.  For the reasons set forth below, the government respectfully asks the Court to sentence the defendant within the advisory Guidelines range of 0 to 6 months.

I.   Background

     On January 12, 2011, a grand jury in the Eastern District of New York returned an indictment charging the defendant and thirty-eight others with a variety of offenses based on their leadership of, membership in and association with the Colombo organized crime family of La Cosa Nostra (the "Colombo family" and "LCN," respectively).  (Docket Entry No. 1.)  The defendant was charged in Count Thirty-Seven of the indictment with conducting an illegal gambling business involving poker games and joker-poker machines, in violation of 18 U.S.C. § 1955(a).  (Id. ¶ 229.)

     On January 20, 2011, the indictment was unsealed and the defendant was arrested.  (Docket Entries Nos. 2, 116; Presentence Investigation Report ("PSR") ¶ 11.)  On July 14, 2011, the defendant pled guilty, pursuant to a plea agreement, to Count Thirty-Seven.  (Docket Entry No. 458; PSR ¶ 1.)

II.  Discussion

The government respectfully submits that a sentence within the advisory Guidelines range is appropriate.

A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [the district court] may not presume that the Guidelines range is reasonable.  [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

B.  The Guidelines Range Is 0 to 6 Months

The Probation Department has determined that the adjusted offense level is 10, the defendant is in Criminal History Category I, and the advisory Guidelines range of imprisonment is 6 to 12 months.  (PSR ¶¶ 15-27, 70.)  The defendant has not objected to this determination.

The government agrees with this determination, except that the government is prepared to move for an additional two-level reduction for a global disposition pursuant to U.S.S.G. § 5K2.0.  As the Court is aware, the government agreed, in the plea agreement, to recommend such a reduction if all "covered defendants" listed in the plea agreement entered guilty pleas by a certain date and the pleas were accepted by a United States District Judge.  Because 28 of the 31 covered defendants have pled guilty, the government hereby moves for this reduction.  If the Court grants the reduction, the adjusted offense level will

be 8 and the advisory Guidelines range of imprisonment will be 0 to 6 months.

    C.    <u>A Sentence Within the Guidelines Range Is Appropriate</u>

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

    1.    <u>The Nature and Circumstances of the Offense</u>

The defendant has been convicted of conducting a gambling business in connection with the Colombo family. In particular, the defendant helped to manage a gambling club opened by two cooperating witnesses, both of whom were long-time associates of the Colombo family. (PSR ¶ 9.) At the club, the defendant oversaw poker games and serviced joker-poker machines provided by co-defendants Dennis Delucia and Angelo Spata, a captain and associate, respectively, in the Colombo family. (<u>Id.</u>; Docket Entry No. 1 ¶¶ 14, 16.)

Conducting a gambling business under the auspices of an organized crime family is a serious crime. 18 U.S.C. § 3553(a)(1). First, the Colombo family is a dangerous criminal enterprise that uses violence, including murder, to further its interests. (PSR ¶¶ 6-8.) The defendant was able to operate an illegal gambling business free from interference by other criminals because the business was protected by this dangerous criminal enterprise. Second, gambling inevitably leads to debts, loansharking and violent debt collection. If a crime family's gambling customer fails to pay a gambling loss, the violent reputation of the crime family enables it to obtain payment by violence or the credible threat of violence. Finally, because illegal gambling operations allow dangerous criminal organizations such as the Colombo family to earn money, gambling is necessary for their survival. Indeed, gambling is among the primary ways in which organized crime families generate income.

In light of the foregoing, the government respectfully submits that the nature and circumstances of the offenses warrant a sentence within the advisory Guidelines range.

      2.    <u>The Defendant's History and Characteristics</u>

The defendant's history and characteristics support the imposition of a sentence within the Guidelines range. 18 U.S.C. § 3553(a)(1). Although the defendant is in Criminal History Category I, he was convicted in 1983 of attempted criminal possession of a weapon based on his possession of a .25 caliber handgun. (PSR ¶¶ 25-26.) In addition, and more recently, after the Federal Bureau of Investigation ("FBI") executed a search warrant on July 23, 2010, at the location of the defendant's gambling business, the defendant continued to hold poker games at that location. (<u>Id.</u> ¶ 10.)

      3.    <u>Other Sentencing Factors</u>

A sentence within the advisory Guidelines range is appropriate to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant's offense is a serious crime that is critical to the success of organized crime families. In addition, by engaging in this crime under the auspices of the Colombo family -- and by continuing to engage in it after the FBI executed a search warrant at the illegal business -- the defendant has demonstrated that he has little respect for the law.

A sentence within the advisory Guidelines range is also appropriate to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." <u>United States v. Davis</u>, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). The fact that the execution of a search warrant did not deter the defendant suggests that a sentence within the Guidelines range is needed to satisfy the purposes of specific deterrence and protecting the public from the defendant's crimes. In addition, a sentence within the advisory Guidelines range is necessary in order to deter others who, like the defendant, are in a position to choose between obeying the law and committing crimes.

III. Conclusion

For all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 0 to 6 months.

```
                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                        By:        /s/
                              Elizabeth A. Geddes
                              Allon Lifshitz
                              Assistant U.S. Attorneys
                              (718) 254-6430/6164
```

cc: Clerk of the Court (KAM) (by ECF)
    Martin J. Seigel, Esq. (by ECF)
    James Foster, U.S. Probation Officer (by email)